## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| **U.S. Bank National Association, not in its individual capacity but solely in its capacity as Indenture Trustee of CIM Trust 2021-NR4** | **CIVIL ACTION NO:** |
| **Plaintiff** | **COMPLAINT** |
| vs. | **RE:**<br>**165 South Horseback Road, Burnham, ME 04922** |
| **Eileen A. Hamilton** | **Mortgage:**<br>**June 14, 2005**<br>**Book 2775, Page 267**<br>**Waldo County Registry of Deeds** |
| **Defendant** | |

NOW COMES the Plaintiff, U.S. Bank National Association, not in its individual capacity but solely in its capacity as Indenture Trustee of CIM Trust 2021-NR4, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendant, Eileen A. Hamilton, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendant are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Disclosure Statement, Note and Security Agreement executed under seal currently owned and held by U.S. Bank National Association, not in its individual capacity but solely in its capacity as Indenture Trustee of CIM Trust 2021-NR4, in which, Eileen A. Hamilton and David W. Hamilton, are the obligors and the total amount owed under the terms of the Disclosure Statement, Note and Security Agreement is One Hundred Forty-Three Thousand Three Hundred Eighty-Eight and 40/100 ($143,388.40) Dollars, plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. U.S. Bank National Association, not in its individual capacity but solely in its capacity as Indenture Trustee of CIM Trust 2021-NR4 is a National Association with its principal/main place of business located at 425 Walnut Street, Cincinnati, OH 45202, which, for diversity purposes, makes it a resident of Ohio.

5. The Defendant, Eileen A. Hamilton, is a resident of Burnham, County of Waldo and State of Maine.

## FACTS

6. On October 28, 1974, by virtue of a Warranty Deed from Exerene D. Anctil, which is recorded in the Waldo County Registry of Deeds in **Book 718, Page 720**, the property situated at 165 South Horseback Road, City/Town of Burnham, County of Waldo, and State of Maine, was conveyed to David W. Hamilton and Eileen A. Hamilton as joint tenants, being more particularly described by the attached legal description. *See* Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).

7. On June 14, 2005, Eileen A. Hamilton (who signed as a non-obligor and therefore has no personal liability) and David W. Hamilton, executed and delivered to Citifinancial, Inc. a certain Disclosure Statement, Note and Security Agreement under seal in the amount of $146,159.13. *See* Exhibit B (a true and correct copy of the Disclosure Statement, Note and Security Agreement is attached hereto and incorporated herein).

8. To secure said Disclosure Statement, Note and Security Agreement, on June 14, 2005, David W. Hamilton and Eileen A. Hamilton, executed a Mortgage Deed in favor of Citifinancial, Inc., securing the property located at 165 South Horseback Road, Burnham, ME 04922 which Mortgage Deed is recorded in the Waldo County Registry of Deeds in **Book 2775, Page 267**. *See* Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

9. Upon information and belief, David Hamilton, died on May 13, 2008 which made Eileen A. Hamilton the sole owner of the subject property.

10. The Mortgage was then assigned to Citifinancial Servicing LLC, a Delaware Limited Liability Company by virtue of an Assignment of Mortgage dated February 4, 2016, and recorded in the Waldo County Registry of Deeds in **Book 4039**, **Page 24**. *See* Exhibit D (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

11. The Mortgage was then assigned to Bayview Loan Servicing, LLC, A Delaware Limited Liability Company by virtue of an Assignment of Mortgage dated February 4, 2016, and recorded in the Waldo County Registry of Deeds in **Book 4039**, **Page 25**. *See* Exhibit E (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

12. The Mortgage was then assigned to Bayview Dispositions IVA, LLC by virtue of an Assignment of Mortgage dated February 23, 2017, and recorded in the Waldo County Registry of Deeds in **Book 4194**, **Page 43**. *See* Exhibit F (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

13. The Mortgage was then assigned to Chimera Funding TRS, LLC by virtue of an Assignment of Mortgage dated February 23, 2017, and recorded in the Waldo County Registry of Deeds in **Book 4194**, **Page 44**. *See* Exhibit G (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

14. The Mortgage was then assigned to CIM Trust 2017-2 by virtue of an Assignment of Mortgage dated January 29, 2018, and recorded in the Waldo County Registry of Deeds in **Book 4248**, **Page 139**. *See* Exhibit H (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

15. The Mortgage was then assigned to U.S. Bank National Association, as Indenture Trustee, for the holders of the CIM Trust 2017-2, Mortgage-Backed Notes, Series 2017-2 by virtue of an Assignment of Mortgage dated March 10, 2020, and recorded in the Waldo County Registry of Deeds in **Book 4482**, **Page 38**. *See* Exhibit I (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

16. The Mortgage was then assigned to Times Square Revolving Trust by virtue of an Assignment of Mortgage dated November 20, 2020, and recorded in the Waldo County

Registry of Deeds in **Book 4580**, **Page 79**. *See* Exhibit J (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

17. The Mortgage was then assigned to U.S. Bank National Association, not in its individual capacity but solely in its capacity as Indenture Trustee of CIM Trust 2021-NR4 by virtue of an Assignment of Mortgage dated May 10, 2022, and recorded in the Waldo County Registry of Deeds in **Book 4803**, **Page 250**. *See* Exhibit K (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

18. On December 29, 2022, the Defendant, Eileen A. Hamilton, was sent a Notice of Mortgagor's Right to Cure, as evidenced by the proof of receipt. (herein after referred to as the "Demand Letter"). *See* Exhibit L (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

19. The Demand Letter informed the Defendant, Eileen A. Hamilton, the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter (Eileen Hamilton did not sign the Note as an obligor and therefore has no personal liability.). *See* Exhibit L.

20. The Defendant, Eileen A. Hamilton, failed to cure the default prior to the expiration of the Demand Letter.

21. The Plaintiff, U.S. Bank National Association, not in its individual capacity but solely in its capacity as Indenture Trustee of CIM Trust 2021-NR4, is the present holder of the Disclosure Statement, Note and Security Agreement pursuant to endorsement by the previous holder (if applicable), payment of value and physical possession of the Disclosure Statement, Note and Security Agreement in conformity with 11 M.R.S. § 3-1201, et seq., and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

22. The Plaintiff, U.S. Bank National Association, not in its individual capacity but solely in its capacity as Indenture Trustee of CIM Trust 2021-NR4, hereby certifies it is the lawful holder and owner of the Disclosure Statement, Note, Security Agreement and Mortgage.

23. The Plaintiff, U.S. Bank National Association, not in its individual capacity but solely in its capacity as Indenture Trustee of CIM Trust 2021-NR4, hereby certifies that all steps mandated by law to provide notice to the mortgagor pursuant to 14 M.R.S.A. § 6111 and/or Disclosure Statement, Note, Security Agreement and Mortgage were strictly performed.

24. The total debt owed under the Disclosure Statement, Note, Security Agreement and Mortgage as of August 26, 2023, is One Hundred Forty-Three Thousand Three Hundred Eighty-Eight and 40/100 ($143,388.40) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $132,693.43 |
| Interest | $6,504.35 |
| Escrow Advance | $2,788.68 |
| Suspense Balance | $-547.00 |
| Loan Level Advance Balance | $1,948.94 |
| Grand Total | $143,388.40 |

25. Upon information and belief, the Defendant, Eileen A. Hamilton, is presently in possession of the subject property originally secured by the Mortgage.

## COUNT I – FORECLOSURE AND SALE

26. The Plaintiff, U.S. Bank National Association, not in its individual capacity but solely in its capacity as Indenture Trustee of CIM Trust 2021-NR4, repeats and re-alleges paragraphs 1 through 25 as if fully set forth herein.

27. This is an action for foreclosure and sale respecting a real estate related Mortgage and title located at 165 South Horseback Road, Burnham, County of Waldo, and State of Maine. *See* Exhibit A.

28. The Plaintiff, U.S. Bank National Association, not in its individual capacity but solely in its capacity as Indenture Trustee of CIM Trust 2021-NR4, is the holder of the Disclosure Statement, Note and Security Agreement referenced in Paragraph 7 pursuant to endorsement by the previous holder (if applicable) and physical possession of the aforesaid Disclosure Statement, Note and Security Agreement in conformity with Title 11, section 3-1201, et seq. of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929). As such, Plaintiff, U.S. Bank National Association, not in its individual capacity but solely in its capacity as Indenture Trustee of CIM Trust 2021-NR4, has the right to foreclosure and sale upon the subject property. *See Johnson v. Toothaker v. Bayview Loan Servicing, LLC,* 2022 WL 3278883 JDL (D. Me 2022), citing *Johnson v. Home State Bank,* 501 U.S. 78, 84 (1991).

29. The Plaintiff, U.S. Bank National Association, not in its individual capacity but solely in its capacity as Indenture Trustee of CIM Trust 2021-NR4, is the current owner and investor of the aforesaid Mortgage, Disclosure Statement, Note and Security Agreement.

30. The Defendant, Eileen A. Hamilton, are presently in default on said Mortgage, Disclosure Statement, Note and Security Agreement, having failed to make the monthly payment due September 4, 2022, and all subsequent payments, and, therefore, have breached the condition of the aforesaid Mortgage, Disclosure Statement, Note and Security Agreement (However, since she signed the aforesaid as a non-obligor she has no personal liability in this matter.).

31. The total debt owed under the Mortgage, Disclosure Statement, Note and Security Agreement as of August 26, 2023 is One Hundred Forty-Three Thousand Three Hundred Eighty-Eight and 40/100 ($143,388.40) Dollars.

32. The record established through the Waldo County Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

33. By virtue of the Defendant, Eileen A. Hamilton's, breach of condition, the Plaintiff hereby demands a foreclosure and sale on said real estate.

34. Notice in conformity with 14 M.R.S.A. § 6111 and/or Mortgage, Disclosure Statement, Note and Security Agreement was sent to the Defendant, Eileen A. Hamilton, on December 29, 2022, evidenced by the proof of delivery. *See* Exhibit L.

35. The Defendant, Eileen A. Hamilton, is not in the Military as evidenced by the attached Exhibit M.

36. If any Defendant has received a Bankruptcy Discharge of this Debt, the Court should enter an Order finding that this action does not seek any personal liability on the part of that Defendant, but only seeks *in rem* judgment against the property.

## COUNT II – UNJUST ENRICHMENT

37. The Plaintiff, U.S. Bank National Association, not in its individual capacity but solely in its capacity as Indenture Trustee of CIM Trust 2021-NR4, repeats and re-alleges paragraphs 1 through 36 as if fully set forth herein.

38. Citifinancial, Inc., predecessor-in-interest to U.S. Bank National Association, not in its individual capacity but solely in its capacity as Indenture Trustee of CIM Trust 2021-NR4, loaned the Defendant, Eileen A. Hamilton, $146,159.13. *See* Exhibit B.

39. The Defendant, Eileen A. Hamilton, has failed to repay the loan obligation.

40. As a result, the Defendant, Eileen A. Hamilton, has been unjustly enriched to the detriment of the Plaintiff, U.S. Bank National Association, not in its individual capacity but solely in its capacity as Indenture Trustee of CIM Trust 2021-NR4 as successor-in-interest to Citifinancial, Inc. by having received the aforesaid benefits and money and not repaying said benefits and money.

41. As such, the Plaintiff, U.S. Bank National Association, not in its individual capacity but solely in its capacity as Indenture Trustee of CIM Trust 2021-NR4, is entitled to relief.

42. If any Defendant has received a Bankruptcy Discharge of this Debt, the Court should enter an Order finding that this action does not seek any personal liability on the part of that Defendant, but only seeks *in rem* judgment against the property.

43. For justice to be served, and under the facts and circumstances of this matter, the Court should, and must, impose an equitable mortgage upon the property.

44. The Court's imposition of an equitable mortgage should be under, and pursuant to the statutory terms of applicable Maine Law, including, but not limited to, the rights of redemption, etc. *See, Seaman v. Seaman*, 477 A2d 734 (Me. 1984).

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, U.S. Bank National Association, not in its individual capacity but solely in its capacity as Indenture Trustee of CIM Trust 2021-NR4, prays this Honorable Court:

a) Issue a judgment of foreclosure and sale in conformity with Title 14 § 6322;

b) Grant possession to the Plaintiff, U.S. Bank National Association, not in its individual capacity but solely in its capacity as Indenture Trustee of CIM Trust 2021-NR4, upon the expiration of the period of redemption;

c) Find that the Defendant, Eileen A. Hamilton, is in breach of the Disclosure Statement, Note and Security Agreement by failing to make payment due as of September 4, 2022, and all subsequent payments (but has no personal liability);

d) Find that the Defendant, Eileen A. Hamilton, is in breach of the Mortgage by failing to make payment due as of September 4, 2022, and all subsequent payments;

e) Find that the Plaintiff, U.S. Bank National Association, not in its individual capacity but solely in its capacity as Indenture Trustee of CIM Trust 2021-NR4, is entitled to enforce the terms and conditions of the Disclosure Statement, Note, Security Agreement and Mortgage;

f) Find that by virtue of the money retained by the Defendant, Eileen A. Hamilton has been unjustly enriched at the Plaintiff's expense;

g) Find that such unjust enrichment entitles the Plaintiff, U.S. Bank National Association, not in its individual capacity but solely in its capacity as Indenture Trustee of CIM Trust 2021-NR4, to restitution;

h) Find that the Defendant, Eileen A. Hamilton, has appreciated and retained the benefit of the Mortgage and the subject property;

i) Find that it would be inequitable for the Defendant, Eileen A. Hamilton, to continue to appreciate and retain the benefit of the Mortgage, Disclosure Statement, Note and Security Agreement and subject property without recompensing the appropriate value;

j) Find that the Plaintiff, U.S. Bank National Association, not in its individual capacity but solely in its capacity as Indenture Trustee of CIM Trust 2021-NR4, is entitled to restitution for this benefit from the Defendant, Eileen A. Hamilton;

k) Determine the amount due on said Mortgage, Disclosure Statement, Note and Security Agreement, including principal, interest, reasonable attorney's fees and court costs (However, since she signed the aforesaid as a non-obligor she has no personal liability in this matter.);

l) Determine the amounts due any junior lienholders and their priority for any junior lienholders that appear in this action;

m) For such other and further relief as this Honorable Court deems just and equitable.

                                                Respectfully Submitted,
U.S. Bank National Association, not in its individual capacity but solely in its capacity as Indenture Trustee of CIM Trust 2021-NR4,
By its attorneys,

Dated: September 27, 2023

/s/Reneau J. Longoria, Esq.
Reneau J. Longoria, Esq. Bar No. 005746
Attorney for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 303C
Beverly, MA 01915
(978) 921-2670
RJL@dgandl.com